UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GARY ANTHONY,

                              Plaintiff,              06-CV-6669T

            v.                                        **DECISION
                                                      and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                              Defendant.

_____

## INTRODUCTION

    Plaintiff Gary Anthony ("Anthony") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act")claiming that the Commissioner of Social Security ("Commissioner") improperly terminated plaintiff's concurrent claims for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Insurance ("SSI") benefits.[1]  Specifically, Anthony alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

    The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Anthony opposes the defendant's motion.

_____

[1]This case (formerly civil case 03-CV-0908-E(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

## BACKGROUND

By decision dated January 30, 1990, plaintiff Gary Anthony was found disabled and entitled to SSDI due to injuries sustained in two separate motor vehicle accidents that occurred in April 1980 and February 1986.  The onset date of disability was established as March 17, 1985 insofar as the evidence showed musculoskeletal impairments evidenced by motor and muscle loss with weakness and difficulty walking at a regular for extended periods.  There was also evidence of a neurological problem with sensory and reflex loss.  The ALJ also noted memory impairment but not severe enough to meet or equal Listing 12.02 (mental) or 11.00ff (neurological). The Commissioner commenced a review of this claim in December 1995, holding on August 2, 1996 that plaintiff's medical condition had improved and his benefits terminated.  Plaintiff requested reconsideration and after two disability hearings in April 1997 and June 1999, the decision was affirmed.  Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on February 17, 2000 before ALJ Timothy M. McGuan. By decision dated March 19, 2001, the ALJ affirmed the termination of plaintiff's claim.  Thereafter, Anthony's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on December 2, 2003, plaintiff filed this action.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the

pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However, if the decision of the Commissioner is based upon legal error, that decision will not stand.  Dixon v. Heckler, 600 F.Supp. 141, 145 (S.D.N.Y. 1985). Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, remand to the Commissioner for further development of the evidence is in order.  See Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999).  In other situations where there is no apparent basis to conclude that a more complete record might support the Commissioner's decision, remand for a calculation of benefits is appropriate.  Id. at 83.

Because the court determines that the ALJ failed to take evidence from a vocational expert (and providing the plaintiff with an opportunity to counter the conclusion), the case is remanded with instructions to the Commissioner for further proceedings consistent with this opinion.

II.   The Commissioner's decision to deny Plaintiff
      benefits was based on incomplete information.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the

Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1991).  Specifically, the ALJ found that while plaintiff suffered from memory function deficit, chronic seizure disorder, degenerative joint disease, and minimal central disc protrusion/small disc herniation at the L4-5 level without any significant spinal stenosis, those conditions did not rise to the level of an impairment under the Social Security Regulations.

The ALJ applied the eight-part sequential procedure for evaluating a continuing disability.[2]  20 C.F.R. § 404.1594(f); see Griego v. Sullivan, 940 F.2d 942 (5th Cir. 1991); see also Waters v. Barnhart, 276 F.3d 716 (5th Cir. 2002).  The ALJ determined that the plaintiff was not engaged in substantial gainful employment; plaintiff's impairments-either alone or in combination with his other impairments-did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; there has

---

[2] The regulation's eight-step sequential process for evaluating possible terminations: (1) Is the claimant engaged in substantial gainful activity? ; (2) If not, does the claimant have an impairment or combinations of impairments which meets or equals the severity of an impairment listed in Appendix 1?; (3) If not, has there been medical improvement?; (4) If there has been medical improvement, is it related to the claimant's ability to do work?; (5) If there has been no medical improvement, or if the medical improvement is not related to the claimant's ability to do work, is one of the exceptions to medical improvement applicable?; (6) If there has been medical improvement related to the claimant's ability to do work, or if one of the first group of exceptions is applicable, is the combination of impairments severe?; (7) If so, is the claimant able to engage in past relevant work?; (8) If not, is the claimant able to perform other substantial gainful activity?

been medical improvement since January 1990 and that such medical improvement is related to plaintiff's ability to work; the impairments were severe; plaintiff has no past relevant work; and that plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.  In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.  The ALJ found that the Anthony's capacity to perform the full range of medium work was compromised by his non-exertional limitations which he found to be avoiding climbing, balancing, heights, and moving machinery. (Tr. 36).  The ALJ found that those non-exertional limitations, hovever, did not compromise Anthony's capacity to perform the full range of light work and as such, he was no longer disabled.  Id. However, the ALJ failed to take testimony from a vocational expert regarding the plaintiff's RFC to perform jobs that exist in the economy.  Instead, the ALJ improperly relied only on the Medical-Vocational rules without seeking independent testimony of a vocational expert ("VE").

At the final step of the sequential evaluation, the Commissioner bears the burden of producing evidence of substantial gainful activity that the claimant can perform once the claimant has shown either that he has no past relevant work or that he can no longer meet the exertional and non-exertional demands of such work.  See Barry v. Sheiker, 675 F.2d 464, 467 (2d Cir. 1982);

Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).  In the ordinary case the Commissioner satisfies this burden by resorting to the applicable medical vocational guidelines ("the grids"), 20 C.F.R. Pt. 404, Subpt. P, App.2.  Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986).  If claimant only suffered from exertional impairments, the grids would require a conclusion that he was not disabled based upon his age, education, and prior work experience. According to the grids, Anthony would then have the RFC to perform "light work".  But since he suffers from additional non-exertional impairments, the grid rules may not be controlling.  Id.

Section 200.00(e)(2) provides:

> [W]here an individual has an impairment or combination of impairments resulting in *both strength limitations and nonexertional limitations*, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience *provide a framework for consideration of how much the individual's work capability is further diminished* in terms of any types of jobs that would be contraindicated by the nonexertional limitations. Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this appendix 2, full *consideration must* be given to all of *the relevant facts in the case* in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

20 C.F.R., Pt. 404, Subpt. P, App. 2 § 200(e)(2) (emphasis added).

There is agreement among most circuit courts that the girds cannot automatically establish that there are jobs in the national economy when a claimant has severe exertional and non-exertional impairments.[3]  In a case where both exertional and non-exertional limitations are present, the guidelines cannot provide the exclusive framework for making a disability determination.  <u>Bapp</u> at 605.  If the range of jobs is limited by a claimant's nonexertional condition, then resort to the grids alone cannot be made, and the Commissioner must give full consideration to all the relevant facts, including expert vocational testimony, if necessary.  <u>Id.</u>; <u>see also</u> <u>Channel v. Heckler</u>, 747 F.2d 577 (10th Cir. 1984).

---

[3]<u>See</u>, <u>e.g.</u>, <u>Ortiz v. Secretary of Health and Human Servs.</u>, 890 F.2d 520, 524 (1st Cir.1989) (per curiam) (where a claimant has nonexertional impairments in addition to exertional limits, the grid may not accurately reflect the availability of jobs such a claimant could perform); <u>Bapp v. Bowen</u>, 802 F.2d 601, 604 (2d Cir.1986) ("[I]f a claimant suffers from additional 'nonexertional' impairments, the grid rules may not be controlling."); <u>Coffman v. Bowen</u>, 829 F.2d 514, 518 (4th Cir.1987) (an ALJ may not rely solely on the grids where "nonexertional limitations ... occur in conjunction with exertional limitations"); <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir.1987) (when the claimant has nonexertional impairments that significantly affect his residual functional capacity, the ALJ may not rely exclusively on the guidelines in determining whether there is other work available that the claimant can perform); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926-27 (6th Cir.1990) (when the claimant suffers from a nonexertional impairment significantly restricting the range of available work, the grids may be used only as a framework to provide guidance for decision making, and not to direct a conclusion of nondisability); <u>Warmoth v. Bowen</u>, 798 F.2d 1109, 1112 (7th Cir.1986) (per curiam) (when a claimant's nonexertional impairments further restrict his range of employment opportunities, application of the grids is precluded); <u>Fenton v. Apfel</u>, 149 F.3d 907, 910 (8th Cir.1998) (the Commissioner must produce vocational expert testimony concerning the availability of jobs that a person with a claimant's particular characteristics can perform, if his or her characteristics do not match those in the regulations); <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155-56 (9th Cir.1989) (if the exertional impairments alone are insufficient to direct a finding of disability, analysis in addition to the grids is required); <u>Channel v. Heckler</u>, 747 F.2d 577, 582 (10th Cir.1984) (per curiam) (without a "specific finding, supported by substantial evidence, that despite his non-exertional impairments, [the claimant] could perform a <u>full range</u> of sedentary work on a sustained basis, it was improper for the ALJ conclusively to apply the grids in determining that [the claimant] was not disabled"); <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir.1990) (per curiam) ("If [the claimant's] non-exertional impairments significantly limit basic work activities, the ALJ should not rely solely on the Grids and should take evidence from a vocational expert to determine whether there exists in the national economy a significant number of jobs for someone with [the claimant's] limitations"); <u>Smith v. Bowen</u>, 826 F.2d 1120, 1122 (D.C.Cir.1987) (recognizing that "applying the grids to a claimant with nonexertional impairments may lead to an inaccurate finding that jobs exist that the claimant can perform.")

In this case, a vocational expert was prepared to testify at the hearing but the VE was not called because the ALJ could not find the VE's resume. (Tr. 116). Although I note that the ALJ found that Anthony's non-exertional impairments did not significantly diminish the full range of light work that he could perform, he failed to adequately consider whether the range of work was so significantly diminished as to require the introduction of vocational testimony. Upon remand the ALJ shall reevaluate whether the Commissioner has shown that plaintiff's capability to perform the full range of light work was not significantly diminished by his non-exertional limitations. If the ALJ that Anthony's non-exertional limitations significantly diminish Anthony's ability to perform the full range of light work, then the ALJ should require the Commissioner to present the testimony of a vocational expert regarding the existence of jobs in the national economy for an individual with claimant's limitations.

## Conclusion

Because the court finds that the Commissioner's decision was not made in accordance with the applicable law, the court remands this case to the Commissioner for further proceedings in accordance with this opinion.

ALL OF THE ABOVE IS SO ORDERED.


   s/Michael A. Telesca
      MICHAEL A. TELESCA
   United States District Judge

Dated:   Rochester, New York
       January 22, 2007